## SARSFIELD *a.* VAN VAUGHNER.

*Supreme Court, First District; At Chambers, July,* 1862.

CREDITOR'S BILL.—MATTER IN DISPUTE LESS THAN FIFTY DOLLARS.

An action for equitable relief, where the matter in dispute does not exceed fifty dollars, will be dismissed.

On the repeal of a statute which repeals or modifies a previous statute or rule, the latter is revived without formal words.

Motion to dismiss the complaint.

This action, brought by Patrick Sarsfield against George W. Van Vaughner and Elizabeth Greer, was in the nature of a creditor's bill, founded on a judgment against Van Vaughner, of $88.83, on which was due a balance of only $31.02. Van Vaughner moved to dismiss the complaint, as involving too small a sum to occupy the court.

*Ira O. Miller,* for the motion.—I. Previous to the adoption of the Revised Statutes, no such action could be maintained for a sum less than ten pounds sterling, or fifty dollars. This was

the settled law and practice of the court in this State, as well as in England. (Douw a. Shelden, 2 *Paige*, 323; Vredenberg a. Johnson, 1 *Hopk.*, 112; Mitchell a. Tighe, *Ib.*, 119.)

II. Section 37 of 2 Rev. Stat., 173, increased the sum from $50 to $100. (Smets a. Williams, 4 *Paige*, 364.) The repeal of this section (*Laws of* 1862, ch. 460, § 39) does therefore manifestly restore the law to the condition in which it was at the time of the adoption of said statute; that is, all such suits below $50 should be dismissed.

III. The adoption of the new Constitution and the Code did not alter the law in this respect, and this court is governed by the same principles that the Court of Chancery would have been in a similar case. (Shepard a. Walker, 7 *How. Pr.*, 46.)

IV. A judgment-creditor's bill must be dismissed unless the amount due on the complainant's judgment, and the amount of the defendant's property as claimed by the complaint, each exceeds the required sum. (Shepard a. Walker, *supra;* Vaughn a. Ely, 4 *Barb.*, 159; Winsor a. Orcutt, 11 *Paige*, 578.)

*Robert H. Shannon*, opposed.

CLERKE, J.—The former Court of Chancery never entertained an action where the matter in dispute did not exceed fifty dollars. This practice obtained by virtue of its inherent power, and without the express sanction of any act of the Legislature.

The latter by its silence recognized this power, and never attempted to interfere with it until it provided in the Revised Statutes that the Court of Chancery should dismiss every suit where the matter in dispute does not exceed the value of one hundred dollars. The only effect of this was to enlarge the amount from fifty to one hundred dollars. This provision of the Revised Statutes was repealed by the Legislature during the last session; the effect of which was to reduce the amount again from one hundred to fifty dollars.

It in no respect interferes with the power of the Court of Chancery for so long a period exercised on this subject.

It is an ancient and well-established principle, that if a statute which repeals or modifies any other statute, or a rule, is itself subsequently repealed, the first statute or rule is thereby revived, without any formal words for that purpose.

This court, as the successor of the Court of Chancery, possesses all its powers; and I think convenience requires that the rule in question should be preserved.

The motion to dismiss the complaint is granted, without costs of action or motion.

## CLARK *a*. CLARK.

*Supreme Court, First District; At Chambers, June,* 1861.

PARTITION.—INFANT PARTIES.—SECURITY BY GUARDIAN.

It is irregular to institute proceedings in partition on behalf of an infant, without first obtaining the authority of the court.

In proceedings in partition, it is erroneous to allow an infant to act by guardian without security.

Application by a purchaser at a sale under a decree in partition to be discharged from the purchase.

This action was brought by William E. Clark, an infant under fourteen years of age, Thomas Clark, and Letitia Clark, against Martha E. Clark, Louis M. Clark, Victor B. Clark, Eliza Jane Clark, and Stephen P. Russel, public administrator, for the partition of a lot of land, No. 36 Sheriff-street, in the city of New York. The defendants, Louis M. Clark and Victor B. Clark, were infants under the age of fourteen years. A decree was made for the sale of the property, February 1st, 1861. The property was purchased by Carl Pohlman, who now applied to be discharged from his purchase, to have the portion of the purchase-money already paid returned to him, and compensation for his expenses in examining the title,—on the ground, among others, that no guardian for William E. Clark, the infant plaintiff, was appointed before the commencement of the action, and that there was no proof of service of the summons upon the infant defendants.

*William Grigg,* for the motion, cited Matter of Marsak (15 *How. Pr.,* 383); Lyle *a.* Smith (13 *Ib.,* 104; 8 *Ib.,* 456; 21 *Barb.,* 9; 10 *How. Pr.,* 188).